(Continued on Page 182)

## Weekly Abstract of PENDING CASES

### No. 222

### FIRST NAT'L BANK v. TOLEDO COOKER CO.

No. 19607. Supreme Court

On motion to certify. Dock. Jan. 28, 1926; 4 Abs. 88.

147. BILLS & NOTES—Is a bank a holder in due course where it discounts a note before maturity, and the proceeds of such discount are credited to the deposit account of the payee, but are not checked out by the payee until after maturity of the note, but before the bank receives notice or knowledge of defects in the title to the instrument.

This action was brought originally in the Lucas Common Pleas by the First National Bank, of Madison, Wis., against the Toledo Cooker Co., on a promissory note executed and delivered to the Cooker Co. by the Hankscraft Company of Madison.

It appears that Hankscraft Company manufactured a patent electrical invention for electrifying fireless cookers and had agreed to furnish 3000 units at stated intervals within the ensuing year. The contract contained the following warranty:

"Hankscraft guarantees its product shall show no electrical or mechanical defects for a period of one year from the date of purchase by the user thereof, providing no alterations whatsoever are made on the equipment and that the equipment shall be used in accordance with printed instructions approved by Hankscraft, and operated on circuits of voltage stamped on the name-plate. Any and all defective parts will be replaced by Hankscraft free of any charge of expense whatsoever, including transportation, if returned to Hankscraft prepaid."

Many of the units did not work properly and were replaced.

The Toledo Cooker Co. executed and delivered its note for $4946.11 to Hankscraft Co. which company discounted the note at the Bank and the amount of the note was placed to the credit of Hankscraft Company. The president of the Bank was a director in the payee Company.

The note was not paid at maturity and was protested. Suit was filed and the Common Pleas directed a verdict for the Bank. This judgment was reversed by the Appeals on the ground that it was error to direct a verdict because there was some evidence that should have been submitted on the question of breach of warranty, relied upon by the Cooker Co., as its defense of failure of consideration and that the Bank was not a holder in due course.

It was claimed by the Cooker Company that the units had been warranted for a particular purpose and to be free from defects and that said warranties had been breached in that the units had proved inadequate and mechanically defective.

The Bank, in the Supreme Court, contends:

1. It was a holder in due course, and therefore not subject to any of the defenses set up.

2. That the fact that the president of the Bank was a director in the payee company and a brother of the president of such payee Company does not constitute constructive notice to the Bank of any defects so as to deny it the protection of a holder in due course.

3. That the maker cannot rely upon evidence of defective merchandise constituting other installments, to show such failure of consideration, the contract of sale being divisible.

4. That the defense of failure of consideration cannot be sustained without proof of compliance with the conditions precedent set forth in the express warranty.

5. That the warranty was merely to replace defective material.

Attorneys—Smith, Baker, Effler & Eastman, for Bank; Frasier, Hiatt & Wall, for Cooker Co.; all of Toledo.